UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Case No. 2:20-cr-00122(1) |
| Plaintiff, | : |
| | : JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : |
| ABDIFATAH ABADIR MOHAMED, | : |
| | : |
| Defendant. | : |

## OPINION & ORDER

This matter is before this Court on Defendant Abdifatah Abadir Mohamed's Motion for Sentence Reduction, pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 32). The Government opposes Mr. Mohamed's Motion on both procedural and substantive grounds. For the reasons that follow, this Court **DENIES** Mr. Mohamed's Motion (ECF No. 32) and **ORDERS** that Mr. Mohamed receive the sentencing relief described below.

### I. BACKGROUND

After being indicted with Hobbs Act robbery and brandishing a firearm during a crime of violence (ECF No. 17), Mr. Mohamed pleaded guilty to both counts (ECF No. 22). His plea agreement included a "Waiver of Appeal," which provides in relevant part that "[i]n exchange for the concessions made by the USAO in this plea agreement, the Defendant … waives the right to attack his conviction or sentence collaterally, such as by way of a motion brought under … 18 U.S.C. § 3582." (ECF No. 22 at 3).

In preparation for sentencing, Mr. Mohamed's presentence investigation report explained that his advisory sentencing guideline range would be dictated by his Hobbs Act charge, as his

firearm charge carried a statutorily imposed minimum of seven years. (ECF No. 26, ¶¶72–73). Mr. Mohamed's criminal history score came out to seven—five points for his prior offenses and two points because he "committed the instant offense while under a criminal justice sentence" as he was on probation at the time of the relevant conduct—resulting in a criminal history category of IV. (*Id.*, ¶¶39–41). Combined with a total offense level of 17, his Hobbs Act robbery guideline range was 37 to 46 months. (*Id.*, ¶¶32, 73). Prior to sentencing, the Government sought a four-level reduction and corresponding downward departure based on Mr. Mohamed's "substantial assistance to authorities," which brought his guidelines range down to 24 to 30 months for the Hobbs Act robbery. (ECF No. 15-2).

In July of 2021, the undersigned sentenced Mr. Mohamed to consecutive terms of incarceration of 36 months on the Hobbs Act robbery charge and 24 months on the firearm charge, for a total of 60 months, as well as a three-year term of supervised release, among other conditions. (ECF No. 29 at 2–3). Shortly before Mr. Mohamed was released from his term of incarceration on July 2, 2024,[1] he sought a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) due to a change in the sentencing guidelines. (ECF No. 32). The Government opposes his request (ECF No. 15-3), so this Motion is now ripe for this Court's review.

## II.　LEGAL STANDARD

By way of a plea agreement, "[a] defendant can waive 'any right, even a constitutional right[.]'" *United States v. Clardy*, 877 F.3d 228, 229 (6th Cir. 2017) (quoting *United States v. Griffin*, 854 F.3d 911, 914 (6th Cir. 2017)). In line with this general understanding, "where a waiver provision in a valid plea agreement specifically forbids a defendant from challenging his sentence under § 3582(c), he cannot challenge his sentence under § 3582(c)." *Id.* at 231. But the

---

[1] ABDIFATAH ABADIR MOHAMED, https://www.bop.gov/inmateloc/ (last accessed Aug. 29, 2024).

fact "[t]hat a defendant waives the right to file a § 3582(c) motion does not strip *the court* of any power to grant relief under that section[;] … the waiver merely denies *the defendant* the right to seek it." *Id.* (emphasis added).

One such power comes from § 3582(c)(2), which allows a court, on its own motion, to modify a term of incarceration "in the case of a defendant who has been sentenced … based on a sentencing range that has subsequently been lowered by the Sentencing Commission … and made retroactive." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (cleaned up) (citing 18 U.S.C. § 3582(c)(2)). A modification under this provision is appropriate if two conditions are met: (1) objectively, a defendant is eligible for a reduction consistent with the Sentencing Commission's policy statements—here, § 1B1.10; and (2) discretionarily, the court finds that the defendant should receive the reduction for which he is eligible given the circumstances surrounding him and his underlying conviction. *Id.* at 826–27.

### III.   LAW & ANALYSIS

#### A.  Waiver

While Mr. Mohamed's Motion is silent on the topic of waiver, the Government's opposition raises the issue. (ECF No. 15-3 at 5–7). In support of its argument, the Government points out that the explicitly worded nature of Mr. Mohamed's "Waiver of Appeal" includes "a motion brought under … 18 U.S.C. § 3582." (*Id.* at 2, 5 (quoting ECF No. 22, ¶8)). Because Mr. Mohamed's Motion is plainly such a Motion, it does indeed fall under the plain text of his waiver. *See Clardy*, 877 F.3d at 230. And Mr. Mohamed lodges no challenge to the validity of his plea agreement, so this Court is bound by his waiver, under which he is unable to challenge his sentence by way of § 3582(c)(2).

## B. Court's Power to Grant Relief

But Mr. Mohamed's waiver of such a right "does not strip the court of any power" to grant relief to which he is otherwise owed. *Clardy*, 877 F.3d at 230. "Rather, courts have discretion to modify a sentence for eligible Defendants … on the court's own initiative." *United States v. Sorrell*, Case No. 07-20365, 2019 WL 4139398, at *1 (E.D. Mich. Aug. 30, 2019) (citing P.L. 115-391, Section 404(b)). Thus, this Court undertakes the relevant two-step analysis, asking first whether Mr. Mohamed "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2).

Amendment 821, passed by the United States Sentencing Commission in April of 2023, reduced the number of criminal history points assessed for offenses committed while under a criminal justice sentence, such as while on probation. U.S.S.G. Amendment 821 (eff. Nov. 1, 2023) (now U.S.S.G. § 4A1.1(e)); *see* U.S.S.G. §§ 4A1.1(e), 1B1.10, Application Note 7. Specifically, defendants with a total of six or less criminal history points no longer receive any additional status points, and defendants with seven or more criminal history points are assessed only one point, compared to the prior two point enhancement. U.S.S.G. Amendment 821 (eff. Nov. 1, 2023) (now U.S.S.G. § 4A1.1(e)).

The question, then, is whether Amendment 821 would indeed lower Mr. Mohamed's sentencing range. To answer this question, this Court first "'determine[s] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing," and then asks whether this amended range is lower than what he actually received at sentencing. *Dillon*, 560 U.S. at 827 (quoting § 1B1.10(b)(1)). In Mr. Mohamed's case, there is no dispute that his sentencing range under Amendment 821 would be lower. (ECF No. 15-3 at 7). At sentencing for the present offense, Mr. Mohamed was sentenced

4

according to a criminal history category of IV due to his seven criminal history points, two of which were assessed because he was on probation when he committed the offense at issue. (ECF No. 32 at 3 (citing ECF No. 26, ¶¶39, 40)). Based on this information, Mr. Mohamed faced a guideline range of 36 to 47 months. (*Id.* (citing ECF No. 26, ¶73)). But with the benefit of Amendment 821, Mr. Mohamed would have been sentenced based on a criminal history score of five points as opposed to seven, as he would no longer be subject to the two additional status points assessed under the prior U.S.S.G. § 4A1.1(d). (*Id.* (citing U.S.S.G. § 4A1.1(e) (eff. November 1, 2023)); ECF No. 15-3 at 7). This criminal history category difference would have exposed Mr. Mohamed to a lower guideline range of 30 to 37 months before his substantial assistance reduction and 21 to 27 months when considering this reduction. (ECF No. 15-3 at 7). Mr. Mohamed is therefore "eligible" for a § 3582(c)(2) sentence reduction.

Because this first step is satisfied, this Court now looks to the "particular circumstances" of Mr. Mohamed's situation based on any applicable § 3553(a) factors to determine if a sentence reduction is warranted. *Dillon*, 877 F.3d at 827. In so doing, it is worth reiterating that Mr. Mohamed was released from his term of incarceration on July 2, 2024. *Supra* p. 2 n.1. That said, when Mr. Mohamed sought this relief, his requested sentence of time served "would [have] only … reduc[ed] Mr. Mohamed's overall sentence by 41 days" as opposed to "the seven months that could technically apply" under Amendment 821. (ECF No. 32 at 4 n.3). Mr. Mohamed referred to this as "a nominal benefit[.]" (*Id.* at 4). Thus, the question at this point is not, technically, whether Mr. Mohamed should receive a reduction in his term of incarceration, as he has already completed it. His sentence as a whole has not been completed since he remains on supervised release. (*See* ECF No. 29 at 3). Rather, this Court more so considers whether Mr. Mohamed's sentence and criminal history score should be updated for the record for any future purposes.

5

Based on the circumstances, the § 3553(a) factors, the impact on public safety, and Mr. Mohamed's post-sentencing conduct, this Court finds that Mr. Mohamed deserves the benefit of Amendment 821. *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir 2010). While a court need not "specifically articulat[e]" each sentencing factor in its analysis, the record "as a whole" must show that the factors—such as the nature and circumstances of the crime, the defendant's history and characteristics, deterrence, and the guideline range—were taken into account. *United States v. Jones*, 980 F.3d 1098, 1114 (6th Cir. 2020). Relevant here, "the Guidelines already incorporate the § 3553(a) factors as Congress in fact instructed the [Sentencing] Commission to take these § 3553(a) factors into account when constructing the Guidelines." *United States v. Cage*, 458 F.3d 537, 542–43 (6th Cir. 2006). As to the § 3553(a) factors relevant to Mr. Mohamed's situation, this Court has already considered the sentencing range and the relevant policy statement, discussed above. Because Mr. Mohamed has served his term of incarceration and is currently completing his term of supervised release, his "sentence" is not changing in a functional sense, so this Court finds that factors (1) and (2)—regarding offense and sentence specifics—need not carry much weight at this juncture. And given the minimal impact of granting Mr. Mohamed's relief at this stage, this Court finds no public safety issue with doing so, nor is this Court aware of any post-sentencing conduct with which to be concerned.

This Court **ORDERS** that Mr. Mohamed's judgment be amended to reflect his criminal history score and sentence with the benefit of Amendment 821. As discussed, Mr. Mohamed would have been sentenced based on a criminal history score of five points as opposed to seven. As such, as Mr. Mohamed was previously sentenced to a term of incarceration of thirty-six months, which is within the guideline range of 30 to 37 months, on Count 1 of the Indictment, his amended judgment should reflect that he was sentenced to 26 months on Count 1 of the Indictment, which

6

is within the guideline range of 21 to 27 months, with all other conditions remaining the same. (*See* Govt Br. at 7).  The Court notes that the defendant was also sentenced to twenty-four (24) months on Count 2 of the Indictment, which was to be served consecutively to the sentence imposed on Count 1.  All conditions of the sentence imposed as to Count 2 remain in effect.

## IV.    CONCLUSION

For the reasons stated above**,** Defendant's motion is **DENIED** because he waived his right to bring this Motion (ECF No. 32) on his own initiative.  But as this Court is empowered to do so under § 3582(c)(2), this Court nonetheless **ORDERS** that Mr. Mohamed's record be clarified, as described above.

**IT IS SO ORDERED.**

_____
ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED: January 13, 2025**